IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00029-MR-WCM

| | |
|---|---|
| FIRST NATIONAL TITLE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>BUCCANEER TITLE, LLC,<br><br>Defendant. | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** comes before the Court on the Plaintiff's Motion for Reconsideration. [Doc. 27]. The Plaintiff seeks reconsideration of the Court's Order partially dismissing this action on November 6, 2023. [Doc. 22].

**I. BACKGROUND**

On January 31, 2023, First National Title Insurance Company ("Plaintiff") filed suit against Jonathan W. Washburn ("Washburn"), Washburn Law, PLLC ("Washburn Law"), and Buccaneer Title, LLC. [Doc. 1]. On April 6, 2023, Plaintiff filed an Amended Complaint that named Buccaneer Title, LLC ("Defendant") as the sole defendant. [Doc. 11]. On April 20, 2023, Defendant filed a Partial Motion to Dismiss all of the Plaintiff's

tort claims based on the economic loss rule. [Doc. 14].

On November 6, 2023, the Court entered an Order accepting the Memorandum and Recommendation [Doc. 22] of Magistrate Judge Metcalf and granting the Defendant's Partial Motion to Dismiss [Doc. 14]. The Plaintiff now moves pursuant to Rule 59(e) of the Federal Rules of Civil Procedure for reconsideration of the Court's Order. [Doc. 27]. The Defendant opposes the Defendant's Motion. [Doc. 29].

## II. STANDARD OF REVIEW

A court has the discretion to alter or amend a judgment pursuant to a motion brought under Rule 59(e) no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). Such motions shall be granted only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. International Chemical Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). "[R]ule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id.

## III. DISCUSSION

The Plaintiff has failed to establish that it is entitled to relief under Rule

2

Case 1:23-cv-00029-MR-WCM   Document 31   Filed 02/05/24   Page 2 of 3

59 to warrant this Court's reconsideration of its previous Order. The Plaintiff puts forth the same arguments as to the Defendant's fiduciary duties to it but presents no authority contradicting the Court's ruling as to the application of the economic loss doctrine. As Judge Metcalf made clear in his Recommendation, even assuming the Defendant owed a fiduciary duty to the Plaintiff, it may not bring a breach of fiduciary duty claim where the duty arises from an underlying contract. <u>Wilkins v. Wachovia Corp.</u>, No. 5:10-CV-249, 2011 WL 1134706, at *2 (E.D.N.C. Mar. 24, 2011).

The Plaintiff merely reasserts its previous arguments and cannot demonstrate that reconsideration of the Court's order is warranted.

The Plaintiff fails to show any clear error of law that requires this Court's correction, nor does it show the presence of any limited circumstances under which a motion for reconsideration may be granted. As such, the Plaintiff is not entitled to relief.

### <u>ORDER</u>

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Reconsideration [Doc. 27] is **DENIED.**

**IT IS SO ORDERED.**

Signed: February 5, 2024

Martin Reidinger
Chief United States District Judge